**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY JORGE | : | |
| | : | |
| Appellant | : | No. 1260 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 7, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000742-2018

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 13, 2021**

Appellant Jeffrey Jorge appeals the judgment of sentence entered by the Court of Common Pleas of Luzerne County after he pleaded guilty to possession of a firearm with an altered manufacturer's number and persons not to possess a firearm. Counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967) arguing that the present appeal is wholly frivolous because it challenges the trial court's discretion in imposing a mid-level, rather than a low-end, standard range guideline sentence. We grant counsel's petition to withdraw and affirm judgment of sentence.

On April 8, 2019, Appellant entered his guilty plea to the aforementioned offenses. Sentencing occurred on August 7, 2019, and the trial court imposed

_____

[*] Former Justice specially assigned to the Superior Court.

a sentence of 48 to 96 months' incarceration on both charges. These sentences were to be served concurrently and resided at the middle of the standard range of the sentencing guidelines. At the conclusion of the hearing, the court permitted plea counsel to withdraw.

On August 15, 2019, Appellant filed a *pro se* appeal in the Commonwealth Court, which subsequently transferred the appeal to this Court. On September 13, 2019, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not respond to the trial court's Rule 1925(b) order.

On November 26, 2019, this Court filed an order directing the trial court to determine the status of Appellant's counsel of record. On December 20, 2019, the trial court held a hearing at which it determined Appellant was eligible for counsel and appointed Matthew P. Kelly, Esq. (hereinafter "counsel") to represent Appellant. Counsel filed a petition to withdraw and an **Anders** brief, after he concluded that this appeal was frivolous.

Specifically, counsel claimed all of Appellant's potential issues on appeal were waived due to Appellant's failure to file a post-sentence motion or to comply with the trial court's Rule 1925(b) order. Our independent review of the record, however, revealed that Appellant had no legal representation after sentencing and during the period in which he was required to preserve his post-sentence and appellate rights. Accordingly, we denied counsel's petition to withdraw and remanded the case and the record to the trial court with instructions to reinstate Appellant's post-sentence and appeal rights *nunc pro*

*tunc*, to give current counsel an opportunity to file a post-sentence motion on Appellant's behalf for the trial court's determination.

On remand, appointed counsel filed a June 4, 2020 motion to modify sentence on behalf of Appellant. This motion requested a sentence at the lower end of the standard range of the Pennsylvania Sentencing Guidelines. The trial court denied the motion on September 15, 2020. This timely notice of appeal followed.[1]

On October 6, 2020, the trial court filed an order requiring Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with this order on October 16, 2020, by filing a concise statement in which he alleged the court abused its sentencing discretion by failing to sentence Appellant at the lower end of the standard range guidelines. The trial court filed a responsive Rule 1925(a) opinion recommending that this Court deny relief and affirm judgment of sentence because Appellant's sentence of 48 to 96 months' incarceration, which resides at the center of the 42 to 54 month standard range of the sentencing guidelines given Appellant's prior record score, is neither

_____

[1] The notice of appeal states that the appeal is "from the Judgment Order issued on September 15, 2020." While counsel for Appellant purports to appeal from the September 15, 2020 order denying the post-sentence motion, the appeal properly lies from the judgment of sentence imposed on August 7, 2019. **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting the caption when appellant misstates where the appeal lies), *appeal denied*, 800 A.2d 932 (Pa. 2002).

unreasonable nor excessive. Trial Court's Pa.R.A.P. 1925(a) Opinion, 11/20/20, at 4.

On January 12, 2021, counsel filed with this Court a petition to withdraw as counsel and an accompanying brief pursuant to **Anders**, **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and their progeny.[2] Specifically, the **Anders** Brief challenges the discretionary aspects of Appellant's sentence.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

(1) provide a summary of the procedural history and facts, with citations to the record;

---

[2] Initially, counsel failed to provide this Court with a copy of the letter advising Appellant of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). By order of January 27, 2021, this Court directed counsel to notify Appellant with a proper statement of his rights and to file a copy of the notification with this Court. Counsel complied on that same day. The withdrawal petition contains incorrect information regarding Appellant's rights, improperly framing Appellant's ability to respond to the withdrawal petition and **Anders** brief as contingent on the granting of the petition. **See Petition to Withdraw**, 1/12/21, at ¶ 4. However, counsel's subsequent **Millisock** letter to Appellant contains the correct information. **See Millisock Letter**, 1/27/21, at 1. The withdrawal petition does not contain proof of service on Appellant, but, again, the **Millisock** letter explains that the petition was enclosed with the letter and provided proper proof of notification. As noted, *infra*, Counsel's **Anders** brief has also complied with the requirements set forth in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and contains proof of service on Appellant.

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In addition, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of *Anders* as articulated in *Santiago* and supplied Appellant with a copy of his *Anders* Brief and a letter explaining the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal.

Having addressed counsel's technical compliance with *Anders*, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or

- 5 -

misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant challenges the discretionary aspects of his sentence, asserting the court abused its discretion by not sentencing him to the lower end of the standard range of the sentencing guidelines. ***See Anders*** Br. at 3. A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***; ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved his claim in a post-sentence motion, which requested a more lenient sentence. However, counsel has not included a rule-compliant Pa.R.A.P. 2119(f) statement, as the statement consists of but one sentence claiming baldly that the court abused its discretion by failing to sentence Appellant at the lower end of the guideline range. Nevertheless, we have held that in an ***Anders*** brief, the lack of a complete Rule 2119(f) statement is not an impediment to

this Court's review of the discretionary sentencing claim. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (noting where counsel has filed *Anders* brief, this Court has reviewed discretionary sentencing claim, even absent separate Pa.R.A.P. 2119(f) statement). Thus, we may proceed to address whether Appellant presents a substantial question.

Whether a substantial question has been raised is determined on a case-by-case basis. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." *Id.* (citation and quotation omitted).

We note that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171 (citation omitted). Moreover, because Appellant has not articulated what provision of the Sentencing Code or what fundamental norm was violated by imposing his sentences in the middle of the standard guideline range and running them concurrently, we find he cannot overcome the presumptive appropriateness of his sentence. Thus, we conclude Appellant fails to raise a substantial question meriting our review.

Finally, our independent review of the record reveals no arguably meritorious issues warranting further consideration of this appeal.

Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Petition to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/13/2021